[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Richard Frank ("claimant") filed a claim for unemployment compensation benefits against his former employer, Premier Maintenance, Inc. ("employer") of Milford. The claimant had been employed for approximately six weeks as a part-time janitor/maintenance worker prior to the termination of his employment. The claimant states that he left his employment because he had been assaulted and injured and therefore could not perform his job. The employer contends that the claimant voluntarily quit; his job on or about October 9, 1996, and hence was ineligible for unemployment benefits. An examiner for the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., denied the claimant's application for unemployment compensation benefits on the basis that he had voluntarily left his job without CT Page 6761 sufficient cause on the part of the employer.
The claimant appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The claimant said he disagreed with the decision denying him benefits because he was disabled and should have been given "alternative employ." The referee made the following factual findings: (1) the claimant had been injured and was advised by his employer to call when he was available to resume his job; (2) the claimant never contact the employer because he never felt ready to go back to work; (3) the claimant did not want to go back to work performing manual labor, but was looking for a data entry type job; and (4) the claimant presented insufficient evidence that he was unable to return to his former job. The referee concluded that the claimant left work voluntarily and did not show good cause for not returning to work. Thus, the referee affirmed the administrator's decision denying compensation.
The claimant appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes § 31-249 and 31-249a. The claimant asserted that he had left his job because (1) "working conditions were deplorable;" (2) the job was in a "tough part of town;" (3) the emergency room doctor who examined him after he was assaulted "was negligent" in his diagnosis; and (4) his employer had not offered him suitable alternative employment.
The board noted that: (1) in his original application and in the hearings before the administrator and referee, the claimant had not complained about working conditions; (2) the claimant had not sought further medical treatment after his visit to the emergency room; and (3) the employer had been willing to give the claimant a job that did not require heavy lifting. The board adopted the referee's findings of fact and conclusion of ineligibility, ruling that the claimant voluntarily quit his employment without good cause attributable to the employer.
The claimant, Mr. Frank hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b. The plaintiff contends that he left his employment because (1) he had asked for light work and was rejected; (2) he did not have sufficient funds to obtain follow-up medical care; and (3) his former job was unsuitable because of his health CT Page 6762 condition.
The board filed a return of record, and a hearing was held before this court on February 24, 1998.
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator, 177 Conn. 132, 136,411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-MattatuckHistorical Society v. Administrator, 238 Conn. 273, 278,679 A.2d 347 (1996).
The Supreme Court has held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency CT Page 6763 responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed,479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, General Statutes § 31-249b provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519(a), now Practice Book (1998 Rev.) §22-9 (a) provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
Practice Book § 515A(b), now Practice Book (1998 Rev.) § 22-4, provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by the entire transcript or portions thereof.
Practice Book § 519(b), now Practice Book (1998 Rev.) § 22-9(b), § provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." See also Regs., Conn. State Agencies, § 31-237g-51a.
In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v.Administrator, 44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book § 515A, the board's factual findings and those conclusions which are based on the weight of evidence and credibility of witnesses, cannot be challenged. CT Page 6764
The role of the court in deciding this appeal is to determine whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v.Administrator, supra, 43 Conn. App. 785.
General Statutes § 31-236 (a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer." See also § 31-236-17 (b) of the proposed Regulations of Connecticut State Agencies.[1]
Section 31-236-18 of the proposed Regulations of Connecticut State Agencies defines "voluntary leaving" as involving "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the proposed Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or working conditions which comprise the employment that the individual voluntarily left." Section 31-236-22
(a)(1)(A) of the proposed Regulations provides that a determination that an individual "voluntarily left suitable work for good cause attributable to the employer" with respect to "working conditions" must be based on a finding, among other things, that the employer "substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual."
The plaintiff also asserts that he complained to his employer about hazardous working conditions. Pursuant to § 31-236-22
(a)(1)(A), (B), (C) and (D) of the proposed Regulations, in order to determine whether an individual left suitable work for good cause attributable to the employer, the administrator must find, with respect to working conditions, that: an employer substantially changed working conditions which have a "significantly adverse effect" upon the individual; endanger health or safety "to a greater degree than is customary for the employer's industry;" cause illness or contribute to the "aggravation or worsening of the individual's medical condition;" or violate governmental regulations and have an "actual or potential adverse effect upon the individual."
In the present case, the board determined that the plaintiff quit his job without good cause attributable to the employer. "An individual leaves suitable work for cause within in the meaning of CT Page 6765 the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.)Acro Technology, Inc. v. Administrator, 25 Conn. App. 130, 135,593 A.2d 154 (1991).
The board's conclusion that the plaintiff was ineligible for benefits is based on the referee's findings that the plaintiff left work for personal reasons. The board also concluded, in effect, that mere dissatisfaction with one's employment does not constitute, in terms of the Unemployment Compensation laws and regulations, sufficient cause for leaving a job which is attributable. Hence, the board found that the plaintiff did not make a showing that he was unable to return to his former duties.
The plaintiff now complains about his previous working conditions. No complaints, however, regarding working conditions were presented to the administrator or the referee. The board determined that the record did not contain any evidence of complaints being made to the employer and that the plaintiff sought a change of such conditions. There also was no evidence of a substantial change by the employer of working conditions that in turn adversely affected the plaintiff's health or safety. These conclusions are within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to justify the conclusions it reached concerning the circumstances under which the plaintiff left his employment. Therefore, the defendant administrator's, motion for judgment dated December 11, 1997, is granted. The board's decision is, affirmed, and judgment hereby enters dismissing the plaintiff's appeal. CT Page 6766
So Ordered.
Dated at Stamford, Connecticut, this, 19th day of May, 1998.
William B. Lewis, Judge